## WRIGHT *et al. v.* TOMLIN.

ATKINSON, J. In 1893 B. E. Wright bargained with J. K. Roop for the purchase of a certain tract of land, agreeing to pay therefor $272 in subsequent separate payments. He paid a portion of the price, and died in possession, holding his vendor's bond for title. Early in 1898 the administrator upon the estate of B. E. Wright, having obtained an appropriate order of sale from the court of ordinary, sold his intestate's equitable interest in the land at public outcry. A deed was executed to the successful bidder, who on the same day executed a deed conveying such equitable interest to the administrator in his individual capacity. The administrator, having no funds belonging to the estate to pay the obligor named in the bond for title the balance of the purchase-money, made a personal contract with him for his interest in the land for such amount, and paid it with his individual money and received a deed from such obligor, for the entire interest in the land. During the same year the administrator made a final return to the ordinary, in which was included, as an item against himself, the proceeds of the sale of his intestate's interest in the land. The guardians of the minor children of the intestate, who were his only heirs at law, appeared in the court of ordinary and contested the administrator's return, and upon an appeal

to the superior court they obtained judgments against the administrator for a larger amount than as reported in his return, which judgment included the proceeds of the sale of the equitable interest of the intestate in the land. This judgment was rendered at the September term, 1898, of the superior court, and the amounts thereof were duly paid by the administrator to the guardians of the several minors. In 1914 three of the children of the intestate, who in the meantime had attained majority, instituted an action against the administrator, to set aside the conveyance made by him to the purchaser at administrator's sale, and also the deed from such purchaser to the administrator in his individual capacity, and to recover an undivided three-fourths interest in the entire land, and mesne profits. At the time the action was brought the petitioners were respectively, 23, 25, and 27 years of age. No attack was made on the judgments obtained by the petitioners against the administrator. A special verdict was rendered in favor of the petitioners, which included a recovery of a three-fourths interest in the entire land. *Held*, that the court did not err in granting the defendant a new trial, notwithstanding the fact that a new trial had been formerly granted him by another judge, who presided on a former trial.

*Judgment affirmed. All the Justices concur.*

No. 2071. FEBRUARY 18, 1921.

Complaint for land. Before Judge Terrell. Heard superior court. February 23, 1920.

*S. Holderness* and *Smith & Smith,* for plaintiffs.

*F. S. Loftin, D. B. Whitaker,* and *A. H. Freeman,* for defendant.

